IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| DEBORAH STRICKLAND, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | EP-05-CA-013-DB |
| | § | |
| AARON RENTS, INC. and | § | |
| MARIO VALLES, | § | |
|     Defendants. | § | |

## FINAL JUDGMENT

On September 12, 2005, the above-captioned cause was called to trial. Plaintiff Deborah Strickland appeared in person and by her attorney of record. Defendant Aaron Rents, Inc. appeared through personal representative and by its attorneys of record. Plaintiff and Defendant Aaron Rents, Inc. announced ready for trial. A jury having been demanded, all questions of fact regarding legal claims not previously resolved by the Court's rulings on Defendant Aaron Rents, Inc.'s Motion for Summary Judgment, were submitted to a jury consisting of ten qualified, duly empaneled, jurors and the case proceeded to trial.

On September 13, 2005, having heard the evidence, the jury returned a verdict in Plaintiff's favor. The Court's Instructions to the Jury and the jury's Verdict are incorporated by reference herein for all purposes. On September 22, 2005, Plaintiff submitted a "Motion For Equitable Relief And Motion For Entry Of Judgment," as well as an "Application For Attorney Fees." On October 11, 2005, Defendant Aaron Rents, Inc. submitted a "Motion For Judgment As A Matter Of Law; In The Alternative, Defendant's Motion For A New Trial; And In The Alternative, For Remittitur." After due consideration, the Court finds judgment should be rendered on the jury's verdict. Further, the Court concludes that Plaintiff is entitled to and should

recover equitable relief, as set forth below. Finally, having considered the factors set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), *rev'd on other grounds, Blanchard v. Bergeron*, 489 U.S. 87, 109 S. Ct. 939, 103 L. Ed. 2d 67 (1989), the Court is of the opinion that Plaintiff should be granted attorneys fees, as specified herein.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff Deborah Strickland have and recover equitable relief, in the sum of **$10,530.00**, against Defendant Aaron Rents, Inc., representing her back pay.

**IT IS FURTHER ORDERED** that Plaintiff Deborah Strickland have and recover equitable relief, in the sum of **$13,780.00**, against Defendant Aaron Rents, Inc., representing her front pay.

**IT IS FURTHER ORDERED** that Plaintiff Deborah Strickland have and recover her compensatory damages, in the sum of **$15,000.00**, against Defendant Aaron Rents, Inc.

**IT IS FURTHER ORDERED** that Plaintiff Deborah Strickland have and recover exemplary damages, in the sum of **$250,000.00**, against Defendant Aaron Rents, Inc.

**IT IS FURTHER ORDERED** that Plaintiff Deborah Strickland have and recover her reasonable attorney's fees, in the sum of **$98,010.00**, against Defendant Aaron Rents, Inc.

**IT IS FURTHER ORDERED** that Plaintiff Deborah Strickland recover pre-judgment interest on her back pay and compensatory damages at the rate of 6.5% per annum from September 16, 2004 until the day before entry of judgment.

**IT IS FURTHER ORDERED** that the judgment herein rendered shall bear interest at the rate of 5.23% per annum from the date of judgment until paid.

**IT IS FURTHER ORDERED** that Plaintiff Deborah Strickland have and recover all court costs against Defendant Aaron Rents, Inc.

**IT IS FURTHER ORDERED** that Plaintiff Deborah Strickland is allowed such writs and processes for the enforcement and collection of this judgment.

**IT IS FURTHER ORDERED** that Plaintiff Deborah Strickland take nothing against Defendant Aaron Rents, Inc., on her retaliation, defamation, and malicious prosecution claims, as memorialized in the Court's March 24, 2006 Memorandum Opinion and Order.

**IT IS FINALLY ORDERED** that all other pending motions, if any, are **DENIED AS MOOT**.

**SIGNED** this **5th** day of **April, 2006.**

_____
THE HONORABLE DAVID BRIONES
UNITED STATES DISTRICT JUDGE